**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

UNITED STATES OF AMERICA

v.  Case No. 3:24-cr-125-MMH-SJH

TODD WADE POWERS

## O R D E R

**THIS CAUSE** is before the Court on Defendant's Motion to Suppress Physical Evidence and Statements (Doc. 19; Motion), filed on July 19, 2024. Charged in a two-count Indictment (Doc. 1), Powers moves "to suppress evidence of the guns and controlled substances seized from inside a bag that was inside of a vehicle that was connected to the Defendant on April 30, 2024, as well as all statements the Defendant made to law enforcement officials." Motion at 1. The undersigned referred the Motion to the Honorable Samuel J. Horovitz, United States Magistrate Judge, for preparation of a report and recommendation, and the Magistrate Judge held an evidentiary hearing on September 18, 2024. See Transcript of Motion to Suppress (Doc. 29; Transcript). On December 18, 2024, the Magistrate Judge filed a Report and Recommendation (Doc. 36; Report) recommending the Motion be denied. Powers timely filed objections to the Report on January 2, 2025. See Defendant's Objections to the Magistrate Judge's Report and Recommendation

(Doc. 37; Objections). The Government then filed a response in support of the Report on January 7, 2025. See United States' Response in Opposition to Defendant's Objections to Report and Recommendation (Doc. 38; Response). Accordingly, the matter is ripe for review.

Because the Court finds that the Objections are due to be overruled and the Report is due to be adopted as the Court's opinion, the Court will not repeat the factual and procedural history or the arguments and authority addressed in the Report. Instead, the Court writes briefly only to address certain aspects of Powers' Objections.

## I.     Standard of Review

The Court reviews a magistrate judge's report and recommendation in accordance with the requirements of Rule 59, Federal Rules of Criminal Procedure (Rule(s)) and 28 U.S.C. § 636(b)(1). The Court "may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); see also Rule 59(b)(3). "[I]n determining whether to accept, reject, or modify the [magistrate judge's] report and recommendations, the district court has the duty to conduct a careful and complete review." Williams v. Wainwright, 681 F.2d 732, 732 (11th Cir. 1982) (quoting Nettles v. Wainwright, 677 F.2d 404, 408 (5th Cir. Unit B 1982)).[1]

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1207 (11th Cir. 1981), the Eleventh Circuit adopted as binding precedent decisions of the former Fifth Circuit (including Unit A panel

Additionally, pursuant to Rule 59 and § 636(b)(1), where a party timely objects to the magistrate judge's report and recommendation, "[a] judge of the [district] court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); see also Rule 59(b)(3); Thomas v. Arn, 474 U.S. 140, 149-50 (1985).  Nevertheless, while de novo review of a magistrate judge's recommendation is required only where an objection is made, the Court always retains the authority to review such a recommendation in the exercise of its discretion.  See Rule 59 advisory committee notes (2005) (citing Thomas, 474 U.S. at 154; Mathews v. Weber, 423 U.S. 261, 270–71 (1976)).

In deciding whether to reject or accept the magistrate judge's recommendations, a district judge retains the power "to hear additional testimony or the same testimony all over again if [she decides] that [it] would be beneficial in determining the motion."  United States v. Marshall, 609 F.2d 152, 154 (5th Cir. 1980) (alteration added); United States v. Raddatz, 447 U.S.

---

discussions of that circuit) handed down prior to October 1, 1981. See also W.R. Huff Asset Mgmt. Co., L.L.C. v. Kohlberg, Kravis, Roberts & Co., L.P., 566 F.3d 979, 985 n.6 (11th Cir. 2009). After October 1, 1981, "only decisions of the continuing Fifth Circuit's Administrative Unit B are binding on this circuit . . . ." Dresdner Bank AG v. M/V Olympia Voyager, 446 F.3d 1377, 1381 n.1 (11th Cir. 2006). The Court notes that the Fifth Circuit overruled Nettles, in part, on other grounds, in Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), superseded by statute on other grounds, 28 U.S.C. § 636(b)(1), as recognized in Alabama-Coushatta Tribe of Tex. v. United States, 757 F.3d 484 (5th Cir. 2014). However, "that does not change the binding effect of Nettles in this Circuit because Douglass was decided after October 1, 1981 and was not a Unit B decision." United States v. Schultz, 565 F.3d 1353, 1360 n.4 (11th Cir. 2009).

667, 680 (1980) ("[A district judge's] broad discretion includes hearing the witnesses live to resolve conflicting credibility claims."); see also Amlong & Amlong, P.A. v. Denny's, Inc., 500 F.3d 1230, 1251 (11th Cir. 2007) ("[T]he district court may, if it so chooses, conduct its own hearing as a prelude to making a new determination."). However, if a district court elects to reject a magistrate judge's credibility determinations on critical fact issues, the court must first rehear the disputed testimony. See Louis v. Blackburn, 630 F.2d 1105, 1110 (5th Cir. 1980);[2] United States v. Cofield, 272 F.3d 1303, 1306 (11th Cir. 2001) (per curiam); see also Amlong & Amlong, P.A., 500 F.3d at 1250 ("[A] district court may not override essential, demeanor-intensive fact finding by a magistrate judge without hearing the evidence itself or citing an exceptional justification for discarding the magistrate judge's findings."). Indeed, only in the "rare case" where "'there . . . [is] found in the transcript an articulable basis for rejecting the [magistrate judge's] original resolution of credibility and that basis . . . [is] articulated by the district judge'" may the district court reject the credibility findings without rehearing the witness testimony. Cofield, 272 F.3d

---

[2] In Ballard v. Comm'r of Internal Revenue, 429 F.3d 1026 (11th Cir. 2005) (per curiam), the Eleventh Circuit stated that "[a] district court must defer to a [magistrate judge's] findings unless the [magistrate judge's] understanding of facts is entirely unreasonable." Ballard, 429 F.3d at 1031. To the extent Ballard conflicts with Blackburn and Marshall, the Court notes that "where two prior panel decisions conflict" the Court is "bound to follow the oldest one." Cohen v. Office Depot, Inc., 204 F.3d 1069, 1072 (11th Cir. 2000). Regardless, the Court need not resolve this conflict because the undersigned will accept the Magistrate Judge's credibility determinations. As set forth below, the Court can discern no basis in the record to doubt the Magistrate Judge's findings, much less to suggest that the findings are "entirely unreasonable."

at 1306 (quoting Marshall, 609 F.2d at 155); Amlong & Amlong, P.A., 500 F.3d at 1250. In contrast, "a district court is not required to rehear witness testimony when accepting a magistrate judge's credibility findings." Cofield, 272 F.3d at 1305 (citing Raddatz, 447 U.S. at 675–76).

## II. Analysis of Objections

In the Objections, Defendant expresses his dissatisfaction with the Report. See Objections at 4. Specifically, Powers contends that "[t]he [Report] erroneously finds and concludes that Mr. Powers' detention was permissible under the law." Id. However, he identifies no legal or factual error in the Magistrate Judge's finding that he lacks standing to challenge the search of the vehicle in question. Instead, Powers recites certain cherry-picked facts established during the evidentiary hearing. See generally Motion. But, in doing so, Powers completely ignores those facts relied on by the Magistrate Judge in determining the existence of reasonable suspicion to support his brief detention. See Report at 21-23. Notably, Powers also fails to challenge the Magistrate Judge's additional findings that he lacks standing to contest the search of the vehicle, see id. at 15-16, that the search was permissible under the automobile exception, see id. at 16-18, and that even if there was a Fourth Amendment violation, the evidence was admissible pursuant to the inevitable discovery rule, see id. at 18-21. In sum, in the Objections, Powers fails to provide the Court with any basis to question the legal conclusions of the

Magistrate Judge and instead simply takes issue with the recommended resolution of this Motion—this is insufficient to warrant sustaining these generalized objections. See Marsden v. Moore, 847 F.2d 1536, 1548 (11th Cir. 1988) ("Parties filing objections to a magistrate [judge's] report and recommendation must specifically identify those findings objected to. Frivolous, conclusive, or general objections need not be considered by the district court.") (citation omitted).

Upon review of the record, the Court finds no error in the Magistrate Judge's finding that law enforcement had the requisite reasonable suspicion to briefly detain Powers and investigate potential criminal activity. See Report at 22; see also United States v. Gonzalez-Zea, 995 F.3d 1297, 1302 (11th Cir. 2021) ("Terry and its progeny allow an officer to, consistent with the Fourth Amendment, conduct a brief, investigatory stop when the officer has a reasonable, articulable suspicion that criminal activity is afoot.") (internal quotation and citation omitted).[3]  Similarly, the Court finds no error in the Magistrate Judge's conclusions regarding Powers' standing, the lawfulness of the search, or the admissibility of the evidence found by law enforcement. As such, upon independent review of the file and for the reasons stated in the

---

[3] See Terry v. Ohio, 392 U.S. 1 (1968).

Magistrate Judge's Report, the Court will overrule the Objections and adopt the legal and factual conclusions recommended by the Magistrate Judge.

Accordingly, it is

**ORDERED:**

1. Defendant's Objections to the Magistrate Judge's Report and Recommendation (Doc. 37) are **OVERRULED**;

2. The Magistrate Judge's Report and Recommendation (Doc. 36) is **ADOPTED** as the opinion of the Court; and

3. Defendant's Motion to Suppress Physical Evidence and Statements (Doc. 19) is **DENIED**.

**DONE AND ORDERED** in Jacksonville, Florida this 16th day of January, 2025.

MARCIA MORALES HOWARD
United States District Judge

Lc34

Copies to:
Counsel of Record